Robert G. McCarthy, Esq.
MCCARTHY LAW, PC
3738 Harrison Avenue
Butte, MT  59701
Tel: (406) 494-2500
bob@mccarthylaw.net

Attorney for Plaintiffs

## IN THE UNITED STATES FEDERAL COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| VALERIE BONANINI, JIM BOOTHE, JOLYNN BROWNING, DENISE BUXTON, MICHELLE CRAWFORD, MYRA DEAVEL, LINDA HARDING, KIMBERLY HOLM, MICHELE HUBER-STEARNS, DARLENE JAEGER, WANDA JOHNSON, COLLEEN KAHM, KATHY KOPF, TAYLER LIEBEL, AMY MARTIN, JEAN PARNELL, PATRICIA PETERSON, BRYNN RALPH, TAWNA REDFERN, PATRICIA ROONEY, CHELSEA ROSALES, LENA SCHWARTZMILLER, SUMMER SHARKEY, SHERRY SPEAR, SHEILA STRATFORD, LELAND SWANSON, NOREEN SWANSON, CHEYENNE TAYLOR, DANA THOMPSON, SARA WELDON, Individually and on Behalf of the Class of All Kids Behavioral Health Employees Similarly Situated,<br><br>Plaintiffs,<br><br>vs. | Cause No.<br>_____<br><br><br>**CLASS ACTION COMPLAINT<br>AND JURY DEMAND** |

| | |
|---|---|
| KIDS BEHAVIORAL HEALTH OF MONTANA, INC., dba ACADIA MONTANA, dba ALTACARE OF MONTANA | )<br>)<br>)<br>)<br>) |
| Defendant. | ) |

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the above-named Plaintiffs on behalf of themselves and the class of those similarly situated ("Other Similarly Situated Employees"), by way of Complaint against Kids Behavioral Health of Montana, Inc., doing business as Acadia Montana and as Altacare of Montana and allege the following:

## NATURE OF THE ACTION

1. This is a class action for the recovery by Plaintiffs and Other Similarly Situated Employees of the Defendant for damages in the amount of 60 days' pay and ERISA benefits by reason of Defendant's violation of the Plaintiffs' rights under the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. § 2101-2109 et. seq. (the "WARN Act"). The Plaintiffs and the Other Similarly Situated Employees were employed by Defendant, KIDS BEHAVIORAL HEALTH OF MONTANA, INC., dba ACADIA MONTANA and as ALTACARE OF MONTANA until they were terminated in anticipation of, as part of, or as a result of a planned mass

layoff and/or plant closing ordered by Defendant on or about July 14, 2019 and thereafter. The Defendant violated the WARN Act by failing to give the Plaintiffs and the Other Similarly Situated Employees at least 60 days' advance written notice of termination, as required by the WARN Act. As a consequence, the Plaintiffs and the Other Similarly Situated Employees of the Defendant are entitled under the WARN Act to recover from the Defendant their wages and ERISA benefits for 60 days and other damages as allowed by statute.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over these parties, the subject matter of this action and this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).

3. The violations of the WARN Act alleged herein occurred in this District and more particularly in Butte, Montana. Venue in this Court is proper pursuant to 29 U.S.C § 2104 (a)(5).

## PARTIES

4. The above-named Plaintiffs are residents of the State Montana that were employees of the Defendant prior to the actions complained of herein.

5. Upon information and belief any one of the Plaintiffs are representative of a class of over 130 employees of the Defendant who are entitled to recover from the Defendant based on violations of the Worker Adjustment and Retraining Notification Act ("WARN" Act), 29 U.S.C. § 2101 et. seq.

6. The Plaintiffs were employed by Defendant at Defendant's Butte facility until their termination without cause in anticipation of or as part of a mass layoff or plant closure on or about July 14, 2019 when the Defendant finalized its mass layoff and or plant closing of the Butte facility.

7. KIDS BEHAVIORAL HEALTH OF MONTANA, INC., dba ACADIA MONTANA and ALTACARE OF MONTANA is an entity incorporated in the state of Montana which is doing business in Butte-Silver Bow County and the State of Montana.

8. Upon information and belief, Defendant owned and operated its facilities in and out of Butte providing mental health services, residential mental health care and hospitalization to children and providing mental health services to schools and school districts. The Defendant operated under the assumed business names of Altacare and Acadia from the same location.

9. On or about July 14, 2019 and thereafter, Defendant, as a single employer, ordered the termination of the Plaintiffs' employment together

with the termination of the majority of all of the employees who worked at or reported to the facility doing business as Acadia as a mass layoff and or plant closing as defined by the WARN Act for which the Plaintiffs were entitled to receive 60 days written notice under the WARN Act.

## CLASS ALLEGATIONS RULES 23(a) and (b)

10. This is an action brought by thirty (30) former employees of the Defendant, alleging that their employer failed to give adequate and proper notice of a plant closure or mass layoff in violation of the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 et. seq.

11. Defendant did not provide the Plaintiffs nor the Other Similarly Situated Employees, nor the state of Montana dislocated worker units, nor the Butte-Silver Bow County local government, with written notice that complied with the statutory requirements of served written notice pursuant to the WARN Act prior to their discharge from employment.

12. All of the Plaintiffs are "affected employees" and aggrieved employees" who sustained "employment loss," as defined by 20 C.F.R. § 639.3, as a result of their termination from employment with Defendant and the Defendant's failure to provide notice.

13. Prior to June 17, 2019 and thereafter the majority of the Plaintiffs and the Other Similarly Situated Employees that remained had their hours and days of employment reduced and changed and were informed by Defendant that they were not scheduled. The Defendant also advised the Plaintiffs that they will not pay them under the provisions of the WARN Act despite its clear application to the mass layoff and closure.

14. Pursuant to the WARN Act, 29 U.S.C. Section 21014 (a)(5), the Plaintiffs maintain this action on behalf of themselves and on behalf of each of the Other Similarly Situated Employees. The number of employees terminated is over 130.

15. Each of the Other Similarly Situated Employees are similarly Situated to the Plaintiffs in respect to his or her rights under the WARN Act.

16. Defendant, as a single employer, was required by the WARN Act to give the Plaintiffs and the Other Similarly Situated Employees at least 60 days advance written notice prior to their termination.

17. Prior to their terminations, neither the Plaintiffs nor the Other Similarly Situated Employees received written notice that complied with the requirements of the WARN Act.

18. The Defendant has failed to pay the Plaintiffs and the Other Similarly Situated Employees their respective wages, salary, commissions,

bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make 401(k) contributions and provide them with their health insurance coverage and other employee benefits.

19. The Plaintiffs brings this action on their own behalf and, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and the Other Similarly Situated Employees who worked at the defendant's facility that were terminated in anticipation of or as part of, or as the reasonably foreseeable result of the mass layoff and/or plant closing ordered by the Defendant, as a single employer, on or about July 14, 2019 and thereafter.

20. The persons in the Class identified above are so numerous that joinder of all Class Members is impracticable. The number is believed to be 130.

21. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

22. The claims of the representative party is typical of the claims of the Class. The representative party will be identified following initial discovery.

23. The representative party will fairly and adequately protect the interests of the Class.

24. The Plaintiffs have retained counsel competent and experienced in complex class action employment litigation who has been counsel in other WARN Act claims and other class actions that were successfully and promptly litigated on behalf of employees.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the contest of WARN Act litigation, where individual Plaintiffs and the Other Similarly Situated Employees may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

26. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a) Whether the Class Members were employees of the Defendant who worked at or reported to the Butte Facility;

(b) Whether Defendant, as a single employer, terminated the employment of the Class Members without cause on their part and without giving them 60 days advance written notice;

(c) Whether the Defendant may rely the WARN Acts "unforeseeable business circumstances" or "faltering company" defense.

(d) Whether Defendant's failure to provide 60 days' notice should render them liable to the Class Members for 60 days' pay and benefits and the award of attorney fees and cost incurred.

## CLAIM FOR RELIEF

27. At all relevant times, the Defendant employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act and employed more than 60 employees at the Butte Facility.

28. At all relevant times, the Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) of the WARN Act and 20 C.F.R. § 639.3(a).

29. On or about July 14, 2019 and thereafter, Defendant, ordered the "mass layoff" and/or "plant closing" of the Butte Facility of Acadia as those "terms" are defined by 29 U.S.C. § 2101(a).

30. The Plaintiffs and the Other Similarly Situated Employees who were terminated by Defendant as a result of Defendant planning the mass layoff and/or plant closing at the Butte Facility are "affected employees" as

defined by 29 U.S.C. § 2101(a)(5) of the WARN Act. The "affected employees" include employees that were discharged in an attempt to reduce employee numbers in order to attempt to prevent the application of the WARN Act.

31. The mass layoff and/or plant closing at the Butte Facility resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendant's employees as well as 33% of Defendant's workforce at the facility, excluding "part-time employees," as that term is defined by the WARN Act.

32. The Plaintiffs and each of the Other Similarly Situated Employees are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

33. Pursuant to Sections 2102 of WARN and 20 C.F.R. § 639.1 - § 639.10 et. seq., Defendant was required to provide at least 60 days prior written notice of the termination or notice as soon as practicable, to the affected employees, explaining why the sixty (60) days prior notice was not given. The Defendant did not do so.

34. Defendant failed to provide at least sixty (60) days prior written notice of the terminations and also failed to provide notice prior to their

terminations setting forth the basis for reduced notice as required by the WARN Act.

35. The Defendant failed to pay the Plaintiffs and each of the Other Similarly Situated Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

36. As a result of Defendant's failure to pay the wages, benefits and other monies as asserted above, the Plaintiffs and Other Similarly Situated Employees were damaged in an amount equal to the sum of the Class Members unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the members' terminations.

**WHEREFORE,** the Plaintiffs and Other Similarly Situated Employees demand judgment against the Defendant as follows:

a. An amount equal to the sum of: unpaid wages, salary, commissions, unpaid bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for sixty (60) working days

following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act;

    b. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, 29 U.S.C §2104(a)(5), Plaintiffs and the Other Similarly Situated Employees constitute a single class;

    c. Interest as allowed by law on the amounts owed under the preceding paragraphs;

    d. Appointment of the undersigned attorney as Class Counsel;

    e. Appointment of one or more of the named Plaintiffs as the Class Representatives and payment of reasonable compensation for their services as such;

    f. The reasonable attorneys fees and the costs and disbursements the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6);

    g. Such other and further relief as this Court may deem just and proper.

37.    The Plaintiffs suffered detriment and damages which are recoverable under the WARN Act.

38. The Defendant's failure to comply with the WARN Act requirements entitles the Plaintiffs class to the remedies of 29 U.S.C. § 2104 including the award of their normal wages and benefits for a period of 60 days and interest and attorneys fees.

DATED this 19th day of July, 2019.

        MCCARTHY LAW, P.C.
        3738 Harrison Avenue
        Butte, Montana 59701

        /s/Robert G. McCarthy
        ROBERT G. MCCARTHY

## JURY DEMAND

The Plaintiffs hereby demand a trial by jury on all issues so triable.

        MCCARTHY LAW, P.C.
        3738 Harrison Avenue
        Butte, Montana 59701

        /s/Robert G. McCarthy
        ROBERT G. MCCARTHY