IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| VALERIE BONANINI, et al.,<br><br>            Plaintiffs,<br><br>vs.<br><br>KIDS BEHAVIORAL HEALTH OF MONTANA, INC., dba ACADIA MONTANA, dba ALTACARE OF MONTANA,<br><br>            Defendants. | CV 19-33-BU-BMM-KLD<br>(lead case)<br><br>(consolidated with)<br>CV 19-35-BU-BMM<br><br><br>FINDINGS &<br>RECOMMENDATION |
| MONTANA FEDERATION OF PUBLIC EMPLOYEES,<br><br>            Plaintiff,<br><br>vs.<br><br>KIDS BEHAVIORAL HEALTH OF MONTANA, INC., dba ACADIA MONTANA, dba ALTACARE OF MONTANA,<br><br>            Defendant. | |

Plaintiffs Montana Federation of Public Employees (the "Union") and

several former employees of Defendant Kids Behavioral Health of Montana, Inc.

1

bring this consolidated action seeking to recover unpaid wages and benefits under the Worker Adjustment Retraining and Notification Act, 29 U.S.C. §§ 2101-2109 (the "WARN Act"). This matter comes before the Court now on Defendant's motion to dismiss the Union as a party under Federal Rule of Civil Procedure 12(b)(6) based on lack of standing and, alternatively, the rule against claim splitting. For the reasons discussed below, the Court recommends that Defendant's motion be denied without prejudice as premature, subject to renewal if and when Plaintiffs' proposed class of former employees is certified.

## I.    Background

On or about July 14, 2019, Acadia Montana Treatment Center, a business enterprise of Defendant located in Butte, Montana, ceased operations. On July 19, 2019, the 30 individually named Plaintiffs filed a putative class action lawsuit against Defendant, asserting WARN Act violations on behalf of themselves and all other similarly situated individuals employed by Defendant at the Acadia Montana facility. (Doc. 1 in 2:19-cv-00033-BMM-KLD). Approximately one week later, on July 25, 2019, the Union filed its own lawsuit asserting similar WARN Act violations "on behalf of itself and its members employed at Acadia Montana." (Doc. 1 in 2:19-cv-00035-SEH).

Plaintiffs in the putative class action subsequently filed an unopposed motion to consolidate both cases pursuant to Fed. R. Civ. P. 42(a). (Doc. 5). The Court granted the motion (Doc. 10), and on October 15, 2019 the individual Plaintiffs, as putative class representatives, and the Union jointly filed an Amended Complaint. (Doc. 13).

As alleged in the Amended Complaint, the Union "is a labor organization that serves as the exclusive bargaining representative of almost all of the employees at Acadia's Butte, Montana facility." (Doc. 13 at ¶ 5). The individual Plaintiffs seek to represent "a class of over 130 employees of Acadia" (Doc. 13 at ¶ 8), which the parties agree includes both union and non-union members.

The Union and putative class representatives are asserting identical WARN Act claims, and the Union's members are all included in the proposed class. Because a union's standing under the WARN Act is representational, Defendant argues the fact that the Union's members "are already being represented in the putative class deprives the Union of standing in this case." (Doc. 25 at 9). Even if the Union does have standing, Defendant asks the Court to exercise its discretion to dismiss the Union under the doctrine against claim splitting.

## II.   Legal Standard

Lack of statutory standing is appropriately raised in a Rule 12(b)(6) motion

to dismiss, while lack of constitutional standing requires dismissal for lack of

subject matter jurisdiction under Rule 12(b)(1). *Freedom From Religion Found.,*

*Inc. v. Weber*, 2012 WL 5931899 *2 (D. Mont. Nov. 27, 2012) (citing *Maya v.*

*Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). Under the WARN Act, a union

has standing to sue for money damages on behalf of its members. See 29 U.S.C. §

2104(a)(5); *United Food & Commercial Workers Union Local 751 v. Brown*

*Group, Inc.*, 517 U.S. 544 (1996) (holding that the statutory standing conferred on

a union by the WARN Act also amounts to standing under Article III of the

Constitution). Because this standing is statutorily conferred, Defendant properly

moves to dismiss the Union for lack of standing under Rule 12(b)(6). See *United*

*Food*, 517 U.S. at 547 (noting that motion to dismiss the union for lack of standing

was brought in district court under Rule 12(b)(6)).[1]

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint.

*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6)

---

[1] Even if Defendant's motion was considered a facial challenge to subject matter jurisdiction under Rule 12(b)(1), the analysis would be the same. Under either standard, the Court must accept all facts as alleged in the Amended Complaint as true and must draw all reasonable inferences in the Union's favor. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (identifying Rule 12(b)(6) standard); *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (identifying Rule 12(b)(1) standard).

is informed by Rule 8(a)(2), which requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Dismissal is proper under Fed. R. Civ. P. 12(b)(6) only when the complaint lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

To survive a 12(b)(6) motion to dismiss, a plaintiff's complaint must contain sufficient facts "to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). Plausibility is context-specific, requiring courts to draw on judicial experience and common sense when evaluating a complaint. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). The court accepts as true the allegations of the complaint and construes them in the light most favorable to the nonmoving party. *Kneivel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 555 (2007). Conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011).

## III.   Discussion

### A.   Standing

The WARN Act expressly provides that "[a] person seeking to enforce [WARN Act] liability, including a representative of employees . . ., may sue either for such person or other persons similarly situated or both, in any district court of the United States for any district in which the violation is alleged to have occurred, or in which the employer transacts business." 29 U.S.C. § 2104(a)(5). The Supreme Court has interpreted § 2104 to mean that a union has associational standing to bring WARN Act claims on behalf of its members for damages to which the members are entitled. *United Food*, 517 U.S. 549.

Under the doctrine of associational standing, "an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of the individual members in the lawsuit." *Hunt v. Washington State Appl. Adver. Comm'n*, 432 U.S. 333, 343 (1977). In reaching its holding in *United Food*, the Supreme Court concluded that Congress permissibly abrogated the third requirement for associational standing, thereby allowing a union to sue for damages running solely to its members without

6

requiring those individual members to participate in the lawsuit. *United Food*, 517 U.S. at 558.

Defendant does not take issue with the premise that a union has associational standing to bring suit on behalf of its members under the WARN Act. But where, as here, those individual members have also sued in their own right, Defendant argues a union does not have associational standing to pursue the very same claims on their behalf. Defendant points out that the WARN Act "makes no provision for liability to the union itself," which means that any liability sought by the union is "liability to its union-members, so long as they can be understood to be 'persons similarly situated' for purposes of the Act." *United Food*, 517 U.S. at 549. See also *Preston v. Trucking Co. v. Liquidity Sols., Inc.*, 392 B.R. 623, 629 (recognizing it was "[a] fundamental premise of the *Union Food* opinion" that WARN Act claims are owned by and belong to a union's members, rather than the union itself, and holding that union members could therefore assign their WARN Act claims to third parties). Defendant further notes that when a union brings WARN Act claims in its representational capacity under § 2104, it has the authority to litigate and settle those claims on behalf of its members. See e.g. *McMillan v. LTV Steel, Inc.*, 555 F.3d 218, 229 (6th Cir. 2009) (explaining that several "courts have recognized that a union's settlement of WARN Act claims with the employer precludes

employees covered by the settlement from later bringing a claim against the employer for WARN Act violations"). Because the WARN Act does not provide for liability to the Union itself, Defendant argues the Union's claims are entirely duplicative the claims asserted by the individual Plaintiffs and the putative class members they seek to represent. While a union may have associational standing to assert, litigate, and settle WARN Act claims on behalf of its members, Defendant argues there is no statutory basis for allowing it to do so where, as here, its members have asserted the exact same claims in their own right.

In response, Plaintiffs challenge the notion that the Union's WARN Act claim is entirely derivative of the WARN Act claims held by its employee members. Plaintiffs argue the Union has standing to maintain a WARN Act claim and join suit with its employee members, who likewise have standing to pursue their own WARN Act claims. For support, Plaintiffs rely on the plain language of the WARN Act's standing provision, which states that "[a] person seeking to enforce [WARN Act] liability, including a representative of employees . . ., may sue either for such person or other persons similarly situated or both…." 29 U.S. § 2104(a)(5). As Plaintiffs read it, this section authorizes the Union, or its employee members, "or both," to bring claims under the WARN Act.

To the extent Plaintiffs take the position that the Union has standing to assert

a WARN Act claim on its own behalf, the Court is not persuaded. Because the

WARN Act makes no provision for liability to the Union itself, § 2104 cannot

reasonably be read as allowing the Union to maintain its own claim while its

employee members do the same. As *United Food* makes clear, the Union's

standing to sue under the WARN Act is based on the doctrine of associational

standing, which gives it "standing to bring suit on behalf of its members" in certain

situations. Consistent with this principle, the Supreme Court has said that the

"'class of plaintiffs' who may sue for backpay under the WARN Act 'includes

aggrieved employees (or their unions, as representatives).'") (emphasis added)

*United Food*, 517 U.S. at 548 (quoting *North Star Steel Co. v. Thomas*, 515 U.S.

29, 31 (1995)). See also *Preston Trucking Co. v. Liquidity Sols., Inc.*, 392 B.R.

623, 629 (D. Md. 2008) (stating "that either the aggrieved employee or its

'representative' may sue to recover the amounts owed under the statute."

(emphasis added). Read against this backdrop, § 2104 does not contemplate dual

standing, but rather authorizes a person or that person's representative to sue for

that person, for others persons similarly situated, or for both that person and those

similarly situated.

This reading of § 2104 is consistent with the *Hunt* test for associational

standing, which requires an association to show that "its members would otherwise

have standing to sue in their own right." *Hunt,* 432 U.S. at 343. Where those members have already sued in their own right, however, there is no statutory basis for the association to bring the exact same WARN Act claims on their behalf.

Plaintiffs nevertheless argue it is not uncommon for a union to join its WARN Act claim with the WARN Act claims of individual employees, including union and non-union members. As evidence of this practical reality, Plaintiffs rely on three cases. First, they maintain that, like here, the plaintiffs in *Wholesale & Retail Food Distribution Local 63 v. Santa Fe Terminal Servs.*, 826 F. Supp. 326, 331 n. 9 (C.D. Cal. 1993) included the union and all of the defendant's former employees, including union and non-union members. But it appears that the plaintiffs in that case were actually "labor representatives" of multiple locals of the same union. *Wholesale & Retail Food*, 826 F. Supp. at 329. In the footnote Plaintiffs cite to, the court detailed the numbers of employees who had been laid off, including non-union employees, but said nothing about whether those non-union employees were also plaintiffs. *Whole & Retail Food*, 826 F.Supp. at 331 n. 9. Nor is there any indication that individual union members also brought WARN Act claims on their own behalf, as part of a class or otherwise.

Next, Plaintiffs claim that in *Association of W. Pulp & Paper Workers v. Grays Harbor Paper Co.*, 1994 U.S. Dist. LEXIS 13094 (W.D. Wash. March 14,

1994) the defendant's former employees and a union brought a consolidated class action under the WARN Act, thereby providing authority for the Union and individual Plaintiffs to do the same here. In *W. Pulp & Paper Workers,* the court consolidated two class actions against different defendants, each of which had been initiated by the same union in its representative capacity and included several named union employees. *W. Pulp & Paper Workers*, 1994 U.S. Dist. LEXIS 13094 at *3-4. The case differs from the situation here, however, in that it did not involve the consolidation of a union representative action with a class action of all former employees, including union and non-union members.

Finally, Plaintiffs cite *Laboratory Film, Video Technicians, Local 683, et al., v. Metrocolor Laboratories*, 1990 U.S. Dist LEXIS 20112 (C.D. Cal. July 18, 1990), as an example of a union bringing suit under the WARN Act and also naming individual union members as plaintiffs. Significantly, however, all three cases cited by Plaintiffs, including *Laboratory Film,* pre-date the Supreme Court's decision in *United Food*. Before *United Food* made clear that a union has associational standing to sue under the WARN Act on behalf of its members without satisfying the third *Hunt* requirement, courts typically required individual union members to participate in the suit in order to recover monetary damages. See e.g. *United Food*, 517 U.S. at 547.

11

Defendant points to *Local Joint Executive Board of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152 (9th Cir. 2001) as a case that is representative of WARN Act class action litigation after *United Food.* In *Las Vegas Sands*, "[t]he Union, on behalf of its members, and individual plaintiffs, on behalf of a would-be class of nonunion employees, sued Sands for damages under the WARN Act." *Las Vegas Sands*, 244 F.3d at 1156. Here, however, the would-be class of individual Plaintiffs includes both union and non-union members. Because the Union's standing is strictly representational, § 2104 would not provide a basis for allowing the Union to maintain WARN Act claims on behalf of its members if those members are proceeding on those claims in their own right as part of a class action.

Whether the Union's members will be allowed to proceed in their own right as part of a certified class, however, is not yet clear. The Amended Complaint is filed as a class action, and seeks relief on behalf of a proposed "class of over 130 employees of Acadia" (Doc. 13 at ¶ 8), which the parties agree includes both union and non-union members. But at this point, Plaintiffs have not filed a motion to certify the proposed class and the issue of class certification has yet to be decided. Defendant's Answer suggests it will oppose class certification. (Doc. 21).   In the event Defendant successfully opposes class certification, the Union might well be

in the position of proceeding under the WARN Act on behalf of its members and have standing to do so.   Accordingly, the Court finds that Defendant's motion to dismiss the Union based on lack of standing under WARN Act is premature and should be denied without prejudice, subject to renewal if and when Plaintiffs' proposed class of former employees is certified.

### B.    Claim Splitting

Even assuming the Union has standing to remain in the case, Defendant argues the Court should dismiss the Union under the doctrine against claim splitting.

"The anti-claim splitting doctrine prevents a party from maintaining two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Henderson v. Bonaventura*, 649 F. App'x 639, 641 (9th Cir. 2016) (quotations omitted). To determine whether the claim splitting doctrine applies, the Court must "examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Battle Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007), overruled on other grounds in *Taylor v. Sturgell*, 553 U.S. 880, 904 (2008)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending

13

resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 487 F.3d at 688. See also *FastVDO LLC v. LG Electronics Mobilecomm U.S.A., Inc.*, 2016 WL 9526400 *3 (S.D. Cal. Dec. 13, 2016) (recognizing that whether to dismiss or stay an action under the claim-splitting doctrine is within the discretion of the district court).

Defendant points out that the Union's lawsuit was the later-filed action, and asks the Court to dismiss the Union based on the anti-claim splitting doctrine because the claims and relief sought, as well as the parties or privies, in the two lawsuits are all the same. But because there are no longer two separate actions, the rule against claim splitting does not apply. As *Adams* recognized, one remedy available when there are two separate actions pending at the same time in the same court, involving the same subject matter and the same parties or their privies, is for the court to consolidate both actions. *Adams*, 487 F.3d at 688.

That is exactly what happened here. Plaintiffs moved to consolidate the Union's WARN Act complaint with the putative class action, and Defendant did not object. (Doc. 5). On October 8, 2019, the Court issued an order granting Plaintiffs' motion and consolidating the two cases. (Doc. 10). Under the circumstances, the Court finds that the doctrine against claim splitting does not apply.

14

IV.   **Conclusion**

For the reasons discussed above,

IT IS RECOMMENDED that Defendant's Motion to Dismiss (Doc. 24) be denied without prejudice as premature, subject to renewal if and when Plaintiffs' proposed class of former employees is certified.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 5th day of June, 2020

Kathleen L. DeSoto
United States Magistrate Judge

15