IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| VALERIE BONANINI, et al., | CV 19-33-BU-BMM-KLD (lead case) |
| Plaintiffs, | |
| vs. | (consolidated with) CV 19-35-BU-BMM |
| KIDS BEHAVIORAL HEALTH OF MONTANA, INC., dba ACADIA MONTANA, dba ALTACARE OF MONTANA, | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |
| Defendants. | |
| MONTANA FEDERATION OF PUBLIC EMPLOYEES, | |
| Plaintiff, | |
| vs. | |
| KIDS BEHAVIORAL HEALTH OF MONTANA, INC., dba ACADIA MONTANA, dba ALTACARE OF MONTANA, | |
| Defendant. | |

Plaintiffs Montana Federation of Public Employees (the "Union") and several

former employees of Defendant Kids Behavioral Health of Montana, Inc

filed this consolidated action seeking to recover unpaid wages and benefits under the Worker Adjustment Retraining and Notification Act, 29 U.S.C. §§ 2101-2109 (the "WARN Act").  Defendant Kids Behavioral Health of Montana, Inc., filed a motion to dismiss the Union as a party based on lack of standing and, alternatively, the rule against claim splitting.  (Doc. 24).

United States Magistrate Judge Kathleen DeSoto issued Findings and Recommendations on June 5, 2020. (Doc. 40).   The Findings and Recommendations recommended denying Kids Behavioral Health's motion to dismiss as premature and instead allowed renewal if and when Plaintiff's proposed class is certified.  (Doc. 40 at 15).

Those portions of the findings and recommendations to which no party objected will be reviewed for clear error.  28 U.S.C. § 636(b)(1)(A); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).  Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).  Because no objections were filed, the Court reviews the Findings and Recommendations for clear error.

Defendant argues that the Union lacks standing because the Union's members "are already being represented in the putative class."  (Doc. 25 at 9).  As a result, Defendants argue that the Union's claims against the Defendant duplicate

the claims asserted by the individual Plaintiffs in the putative class.  Plaintiffs read § 2104(a)(5) of the WARN Act to allow both the Union and its employee members to bring claims under it.  (Doc. 36).

Judge DeSoto properly addressed under Federal Rule of Civil Procedure 12(b)(6) whether the Union has statutory standing to pursue its claims.  (Doc. 40 at 3-5).  Judge Desoto remained unpersuaded that § 2104 allowed for the dual standing as urged by Plaintiffs.  Judge DeSoto concluded that the Union's standing to sue under the WARN Act is based on the doctrine of associational standing.  *See United Food & Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 548 (1996).  This associational standing allows unions to bring suits on behalf of its members.  Under the WARN Act the "class of plaintiffs who may sue for backpay under the WARN Act includes aggrieved employees (*or* their unions, as representatives)."  *Id.* (emphasis added) (citation and internal quotation marks omitted).

Judge DeSoto ultimately noted, however, that it remained unclear whether the Union's members will be allowed to proceed as part of a certified class.  If class certification proves unsuccessful, the Union may have standing to proceed under the WARN Act on behalf of its members.  The Court also agrees with Judge DeSoto's conclusion on the claim splitting argument—the actions are consolidated

3

and therefore the doctrine does not apply.  The Court sees no clear error in Judge DeSoto's conclusions.

## CONCLUSION

**IT IS HEREBY ORDERED:**

1. The Findings and Recommendations (19-33 Doc. 40; 19-35 Doc. 33) are **ADOPTED IN FULL.**

2. Kid's Behavioral Health of Montana's Motion to Dismiss (Doc. 24) is **DENIED** without prejudice as premature, subject to renewal if and when Plaintiffs' proposed class of former employees is certified.

DATED this 24th day of June, 2020.


_____
Brian Morris, Chief District Judge
United States District Court