## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| VALERIE BONANINI, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>KIDS BEHAVIORAL HEALTH OF )<br>MONTANA, INC., dba ACADIA )<br>MONTANA, dba ALTACARE OF )<br>MONTANA, )<br>)<br>Defendant. )<br>_____ )<br>)<br>MONTANA FEDERATION OF PUBLIC )<br>EMPLOYEES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KIDS BEHAVIORAL HEALTH OF )<br>MONTANA, INC., dba ACADIA )<br>MONTANA, dba ALTACARE OF )<br>MONTANA, )<br>)<br>Defendant. ) | CASE NO.  2:19-CV-33-BMM-KLD<br><br>CONSOLIDATED CASE: 2:19-CV-)<br>19-35-BMM<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL** |

**WHEREAS,** this matter came before this Court for final hearing on March 17, 2022,  (the "Settlement Fairness Hearing") on the joint motion of the parties for approval of the Settlement of this action (the "Action") on the terms and conditions

provided for in the  proposed Settlement Agreement and as set forth and attached to the previously filed *Unopposed Motion to Certify Class, Preliminarily Approve Class Settlement and Issue Procedural Orders* (Document 47) filed herein on October 21, 2021.

**WHEREAS**, the Court has considered all papers filed in connection with the motion,  and having determined that there have been no objections to the proposed settlement, no opt outs from the settlement and having held a fairness hearing and heard the arguments of counsel, and good cause appearing,

**NOW THEREFORE IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1.  All capitalized terms used in this Final Judgment and Order of Dismissal ("Final Judgment") shall have the same meanings given them in the Settlement Agreement, which is incorporated herein by reference.

2.  This Court has jurisdiction over the subject matter of the Action and over all parties, including all members of the Class.

3.  American Legal Claim Services, LLC  has provided the Court with an affidavit attesting to the satisfaction of the previously entered procedural orders including satisfaction of the 28 U.S.C. 1715 (the "CAFA Notice") and its actions taken to provide notice to all 112 class members as required by the procedural order.   All notices were deemed deliverable. See *Affidavit of American Legal*

*Claim Services LLC Due Diligence in Notice Disseminations and Processing Requests for Exclusion & Objection* (Document 56) .   No objections and no requests for exclusion were received by the claims administrator, nor by the Court, the parties or counsel.

4.   The appointed claims administrator mailed notices are hereby determined to be in full compliance with the requirements of Rule 23 of the Federal Rules of Civil Procedure and of due process, are found to be the best notice practicable under the circumstances, and are found to constitute due and sufficient notice to all persons entitled thereto.

5.   Due and adequate notice of the proceedings having been given to members of the Class and a full opportunity having been offered to the members of the Class to participate in the Settlement Fairness Hearing in accordance with the *Order Granting Unopposed Motion to Certify Class, Approve Class Representatives, Preliminarily Approve Class Settlement and Issue Procedural Order.* (Document 49).  It is hereby determined that Plaintiffs, the Class and all persons claiming through any of them, individually and on behalf of any individual, are bound by this Final Judgment.

6.   The Court hereby approves the *Settlement Agreement* (Document 47-1), including all its general terms and provisions; stipulation as to class and subclasses; terms as to compromise of payments to the classes; terms as to

consideration and distribution; release and discharge of claims and attorney fees; the Settlement provided for thereby and finds that the Settlement is, in all respects, fair, reasonable and adequate to Plaintiffs and the Class.

7.   The Court has reviewed Class Counsel's Petition for Attorney fees and finds that the amount of the fees requested is a fair and reasonable given the matters at issue and the resolution of these claims as set forth in the Settlement Agreement.   The Court bases the approval of the fees requested as fair and appropriate upon the following facts:  that that there were contingency retainer agreements providing for a one-third contingency fee plus costs executed by 40 of the class members; that class counsel has reduced his fee petition herein and in the Settlement Agreement to a fee of 25% without award of costs;  that Class Counsel assumed a substantial risk in undertaking the representation of the parties that there would be no recovery; that the settlement agreement also provides that the defendant will pay all costs of administration and that no other costs are chargeable to the class members; that the class member will receive a reasonable and fair recovery given which would not have been recovered but for class counsels actions; and finally the Court notes that there has been no objection to Class Counsel's request for fees.

8.   The Court hereby dismisses on the merits, with prejudice and without costs, attorneys' fees or expenses, other than those awarded by the Court to Class

Counsel, any and all claims, actions, requests for relief or causes of action alleged in the Action, as provided for in the Settlement Agreement.

9.  Plaintiffs, the Class and each of their respective spouses, dependents, heirs, executors, administrators, predecessors, beneficiaries, successors and assigns, and all persons claiming through any of the foregoing persons, individually and on behalf of the Plan, are hereby deemed to have released and forever discharged every Settled Claim which they or any of them have had, now have, or ever may have against the Released Parties or any of them, as provided for in the Settlement Agreement.

10.  The Releasing Parties are hereby deemed to have released and forever discharged every Settled Claim, including, without limitation, any claim for indemnification or contribution, which they or any of them have had, now have, or ever may have against any other Released Party, as provided for in the Settlement Agreement.

11.  Plaintiffs, the Class and each of their respective spouses, dependents, heirs, executors, administrators, predecessors, beneficiaries, successors and assigns, the Released Parties and all persons claiming through any of them, individually and on behalf of any individual, are hereby forever barred and enjoined from commencing or maintaining any action or other legal proceeding asserting any Settled Claim, including, without limitation, any claim for

indemnification or contribution, arising out of, relating to or in connection with any Settled Claim against any of the Released Parties or filing any complaint or charge, whether formal or informal, with any governmental agency, whether federal, state or local.

12.    Class counsel's petition for attorney fees equal to 25% of the gross recovery of $354,719.41 is approved as requested in the amount of $88,679.85.

13.    The Defendant is directed to comply with the terms of the procedural order by funding the settlement through American Legal Claim Services LLC, who will establish a Qualified Settlement Fund and distribute funds.   The distribution shall occur within 45 days of this Order and entry of final judgment and the expiration of any deadline for appeal.

14.    The Settlement Amounts shall be distributed in accordance with the terms of the Settlement Agreement.

(a)    The Net Settlement Amount shall be allocated to the individual plaintiffs in accordance with the terms of the Proposed Distribution Plan contained in Document 47.   Allocation.

(b)    In the event that a Class member entitled to payment is no longer alive the Claims Administrator shall distribute that Class member's share to a bona fide heir or beneficiary upon proper proof of status as a personal representative of that class member's estate.  If class counsel is unable to locate

class members within 180 days the amount held on their behalf shall be deposited as unclaimed funds with the state of the class member's last known residence.

15.     This Final Judgment, the Settlement Agreement, and any of their terms, together with all negotiations and papers related thereto, shall not constitute any evidence, or an admission by any Released Party, that any acts of wrongdoing have been committed and shall not be deemed to create any inference that there is any liability on the part of any party to the Action.  This Final Judgment, the Settlement Agreement, and any of their terms, together with the negotiations and papers related thereto, shall not be offered or received in evidence in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal, for any purpose, other than as may be necessary to consummate or enforce the Settlement, the terms of the Settlement Agreement or this Final Judgment.

16.     In the event that the Settlement fails to become effective in accordance with the terms of the Settlement Agreement, or if this Final Judgment is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement Agreement), this Final Judgment (except for this paragraph) shall be rendered null and void and vacated nunc pro tunc, the Settlement shall be deemed terminated pursuant to the terms of

the Settlement Agreement, and the Parties shall be deemed to have reverted to their

respective status and position as provided in the Settlement Agreement.

17. Without in any way affecting the finality of this Final Judgment, this

Court shall retain continuing jurisdiction over the Action for the purpose of

effectuating the Settlement under the terms and conditions of the Settlement

Agreement and for the purpose of enforcing this Final Judgment as may be

necessary.

DATED this 21st day of March, 2022.

_____

Brian Morris, Chief District Judge
United States District Court